UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHAWN M. THOMSON, <br><br> Plaintiff <br><br> v. <br><br> NDOC, et al., <br><br> Defendants | Case No. 2:22-cv-00893-JAD-VCF <br><br> ORDER |

**I.   DISCUSSION**

On November 1, 2022, the Court issued a screening order permitting one claim to proceed, dismissing some claims without leave to amend, and dismissing other claims with leave to amend by November 30, 2022.  (ECF No. 5).  The Court specifically stated that if Plaintiff chose not to file an amended complaint, this action would proceed on only the Eighth Amendment claim for deliberate medical indifference to pre-heart-attack symptoms against Defendant Nurse Brian.  (*Id.* at 14).  Plaintiff has not filed an amended complaint.

**II.   CONCLUSION**

IT IS THEREFORE ORDERED that, consistent with the Court's screening order (ECF No. 5), this action will proceed on only the Eighth Amendment claim for deliberate medical indifference against Defendant Nurse Brian.

It is further ordered that given the nature of the claim that the Court has permitted to proceed, this action is stayed for 90 days to allow Plaintiff and Defendant an opportunity to settle their dispute before the $350 filing fee is paid, an answer is filed, or the discovery process begins.  During this 90-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties will not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so.  The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order

about that matter.  Regardless, on or before 90 days from the date this order is entered, the Office of the Attorney General will file the report form attached to this order regarding the results of the stay, even if a stipulation for dismissal is entered before the end of the stay.  If the parties proceed with this action, the Court will then issue an order setting a date for Defendant to file an answer or other response.  Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

The parties are reminded that "settlement" may or may not include payment of money damages.  It also may or may not include an agreement to resolve Plaintiff's issues differently.  A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

Plaintiff is advised that if the case does not settle, he will be required to pay the full $350 statutory filing fee for a civil action.  This fee cannot be waived, and the fee cannot be refunded once the Court enters an order granting Plaintiff's application to proceed *in forma pauperis*.  If Plaintiff is allowed to proceed *in forma pauperis*, the fee will be paid in installments from his prison trust account.  *See* 28 U.S.C. § 1915(b).  If Plaintiff is not allowed to proceed *in forma pauperis*, the full $350 statutory filing fee for a civil action plus the $52 administrative filing fee, for a total of $402, will be due immediately.

It is further ordered that if any party seeks to have this case excluded from the inmate mediation program, that party will file a "motion to exclude case from mediation" no later than 21 days prior to the date set for mediation.  The responding party will have 7 days to file a response.  No reply will be filed.  Thereafter, the Court will issue an order, set the matter for hearing, or both.

It is further ordered that if Plaintiff needs a translator to participate in the mediation program, Plaintiff will file a notice identifying the translation language and the need for the translator within 30 days from the date of this order.

It is further ordered that the Clerk of Court will add the Nevada Department of Corrections to the docket as an Interested Party and electronically serve a copy of this

order and a copy of Plaintiff's complaint (ECF No. 6) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the Interested Party on the docket.  This does not indicate acceptance of service.

It is further ordered that the Attorney General's Office will advise the Court within 21 days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of Defendant for the purpose of settlement.  No defenses or objections, including lack of service, will be waived because of the filing of the limited notice of appearance.

DATED THIS 5th day of December 2022.

_____
United States Magistrate Judge

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHAWN M. THOMSON,<br><br>                    Plaintiff<br><br>     v.<br><br>NDOC, et al.,<br><br>                    Defendants | Case No. 2:22-cv-00893-JAD-VCF<br><br>REPORT OF ATTORNEY GENERAL RE: RESULTS OF 90-DAY STAY |

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM. THE INMATE PLAINTIFF SHALL NOT FILE THIS FORM.**

On _____, the Court issued its screening order under 28 U.S.C. § 1915A, stating which claims would proceed.  The Court ordered the Office of the Attorney General of the State of Nevada to file a report 90 days later stating the status of the case at the end of the stay.  The Office of the Attorney General hereby complies.

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

____    A mediation session with a court-appointed mediator was held on _____, and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*).  (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

____    A mediation session with a court-appointed mediator was held on _____, and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

____    No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case.  (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

\_\_\_\_   No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

\_\_\_\_   No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

\_\_\_\_   None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

\* \* \* \* \*

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

\_\_\_\_   The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

\_\_\_\_   The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_   The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_   None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____    _____
                              Print                                                            Signature

Address:     _____         Phone:

                   _____         _____

                                                                          Email: _____